UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENNIS E. SPECTOR, et al., : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 3:06-cv-129(JCH) |
| BOARD OF TRUSTEES OF : | |
| COMMUNITY-TECHNICAL : | |
| COLLEGES, et al., : | |
| Defendants. : | SEPTEMBER 8, 2009 |

**RULING RE: MOTION FOR ABATEMENT OF COSTS (Doc No. 131)**

**I.   BACKGROUND**

In January 2006, plaintiffs, Dennis E. Spector and James A. Crowley, brought an action against defendants, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; Article First §§ 3 and 20 of the Connecticut Constitution, Connecticut General Statutes §§ 31-51q, 52-571b, 46a-60(a)(4); and the Connecticut common law.  On December 27, 2007, this court granted defendants' Motion for Summary Judgment on all federal claims and denied as moot summary judgment on plaintiffs' state law claims.  See Ruling (Doc. No. 121).  The state law claims were dismissed without prejudice.  See id.  Spector and Crowley appealed that ruling to the Second Circuit, which affirmed this court's decision by summary order on April 8, 2009.  See Mandate (Doc. No. 129).

On April 14, 2009, defendants submitted a Bill of Costs for $7,666.89.  See Bill of Costs at 1 (Doc. No. 126).  Defendants also requested the court issue an order forfeiting the $500.00 security bond posted by plaintiffs.  See id.  On July 13, the Clerk issued an order awarding $7,177.14 in costs to defendants.  See Electronic Order re

1

Bill of Costs (Doc. No. 128). On the same day, this court issued an order allowing the forfeiture of the $500 bond to partially satisfy the assessed costs. See Order (Doc. No. 129). On July 17, Plaintiffs filed a Motion for Abatement of Taxation of Costs, requesting that this court use its discretion to abate and deny the award of costs to the defendants. See Motion for Abatement of Taxation of Costs ("Pl.'s Mot.") (Doc. No. 131). Defendants opposed this Motion. See Def.'s Resp. To Pl'.s Mot. For Abatement of Costs ("Def.'s Resp.") (Doc. No. 132). For the reasons that follow, the court denies the Motion.

## II.     DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) states, "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Second Circuit has held, "[B]ecause Rule 54(d) allows costs 'as of course,' . . . an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001). Costs may be denied because of "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Id. Although Rule 54(d) gives district courts some discretion to refuse costs, "such discretion is not to be used arbitrarily." See Compania Pelineon de Navegacion, S. A. v. Tex. Petroleum Co., 540 F.2d 53, 56-57 (2d Cir. 1976).

The court finds no reason to diverge from the "normal rule" of awarding costs against the losing party. See Whitfield, 241 F.3d at 270. Plaintiffs argue that awarding costs in this case "will deter people from pursuing the defense of [important] values"

such as freedom of religion.  See Pl.'s Mot. at 1-2.  However, both this court and the Second Circuit determined that plaintiffs' claims had no merit.  See Ruling (Doc. No. 121); Mandate (Doc. No. 129).  Further, there is no exception to Rule 54(d) for civil rights plaintiffs; federal courts have awarded costs against other unsuccessful plaintiffs in civil rights cases.  See, e.g., Cosgrove v. Sears, Roebuck, & Co., 191 F.3d 98, 101 (2d Cir. 1999)(holding that heightened standard for award of attorney's fees in Title VII cases does not apply to the assessment of costs); Violante v. Bolger, 617 F. Supp. 3, 4-5 (W.D.N.Y. 1985)(awarding costs against unsuccessful Title VII plaintiff); Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003)(upholding award of costs against prisoner in Bivens suit).  The court finds no reason not to award costs against similarly unsuccessful civil rights plaintiffs in this case.

Plaintiffs also argue that the costs would "severely penalize" them because "they are both in debt and lack adequate financial resources."  See Pl.'s Mot. at 3.  However, the Second Circuit held that "indigency *per se* does not preclude an award of costs against an unsuccessful litigant."  Whitfield, 241 F.3d at 273.  Furthermore, based on the evidence before the court, plaintiffs are not indigent.  Although plaintiffs note in their Motion that Mr. Crowley does not receive a salary as a priest, defendants have provided the court with evidence that Mr. Crowley's salary as a professor is $92,636.  See Pl.'s Mot. at 3; Affidavit of Linda Pestretto Demers ("Demers Aff."), Ex. A to Def.'s Resp., at ¶ 5.  Mr. Spector's salary is $86,222.  See Demers Aff. at ¶ 5.  Therefore, the court finds that plaintiffs' financial situation is not a reason to deny the award of costs.

As the prevailing party, the court holds that defendants are presumptively entitled to an award of its taxable costs, and finds that plaintiffs have shown no reason to

overcome that presumption.

### III.     CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's Motion for Abatement of Taxation of Costs.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 8th day of September, 2009.

                                        /s/ Janet C. Hall  
                                        Janet C. Hall  
                                        United States District Judge